UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLEN ROE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 23-cv-1016-MMM |
| ) | |
| BERNICE YOUNG, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding *pro se*, pursues claims under 42 U.S.C. § 1983 seeking to assert claims based on his time at the Peoria County Jail.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing a complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A. Allegations

Plaintiff seeks to sue the Peoria County Jail, Bernice Young, Diana, CO Davis, and Rebecca Boland.

Plaintiff alleges that he is seriously mentally ill, and that he was arrested then held at the Dixon Special Treatment Center before his transfer to the Peoria County Jail. Plaintiff then asserts that there was difficulty in communication between the Jail and the Special Treatment Center, and that Jail staff changed or discontinued Plaintiff's prescription psychotropic medications. Plaintiff asserts difficulties in obtaining copies of his health records pursuant to medical releases and FOIA from the Special Treatment Center.

B. <u>Analysis</u>

To state a Fourteenth Amendment claim, Plaintiff must plead that he suffered from a serious medical or mental health condition, that the defendants acted purposefully, knowingly, or recklessly with respect to the consequences of their actions, and that the defendants' actions were objectively unreasonable – that is, not rationally related to a legitimate governmental objective. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018).

Plaintiff's allegations do not state a claim.

He alleges he suffers from serious mental illness, but beyond that his allegations falter. He alleges difficulty in obtaining his prior medical records, and alleges changes in his medication, but also alleges he was being seen by mental health professionals regularly at the jail.

Treatment decisions made by medical professionals are presumptively valid. *Collignon v. Milwaukee County*, 163 F.3d 982, 988 (7th Cir. 1998) (applying professional judgment standard articulated in *Youngberg v. Romeo,* 457 U.S. 307, (1982), a Fourteenth

2

Amendment case, to medical professionals' treatment decisions involving detainee's medical needs). "[L]iability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Youngberg*, 457 U.S. at 323. Simply because there were communication difficulties between facilities, or because Plaintiff disagreed with his course of mental health treatment at the jail, do not, alone, indicate that Plaintiff's rights under the United States Constitution were violated.

Plaintiff has failed raise an inference that the mental health treatment he received was not based on the professional judgment of the medical staff at the Jail.

If Plaintiff wishes to amend his complaint, he must set forth specifically, in numbered paragraphs, what happened at the jail, who was responsible for what happened, how each person Plaintiff seeks to sue was responsible, when the events happened, and how he was harmed. Plaintiff needs to only provide a short and plain statement of what occurred that he believes entitles him to relief.

C. Motion to Request Counsel

The Court undertakes an initial two-part inquiry: (1) whether the plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing so, and, if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir 2007).

In analyzing the second step, a court must consider the factual and legal difficulty of a plaintiff's claims, and the plaintiff's competence to litigate them, while

3

accounting for the plaintiff's literacy, communication skills, educational level, and litigation experience, plus the plaintiff's intellectual capacity and psychological history if information on those topics is before the court. *Watts v. Kidman*, 42 F.4th 755, 760 (7th Cir. 2022). After this analysis, the court is "permitted to consider the strength or weakness of a plaintiff's claim," and "the recruitment of counsel is unwarranted if the plaintiff's 'chances of success are extremely slim.'" *Id.* at 766. However, the court's assessment of the merits of a given case must account for the pro se litigant's likely difficulty in articulating their claim effectively. *Id.*

> "[L]egal time is scarce," and "[w]hen we compel a judge to divert the resources of the bar to weak claims ... we reduce the likelihood that other persons will receive adequate legal assistance." *Eagan v. Dempsey*, 987 F.3d 667, 699–700 (7th Cir. 2021) (Easterbrook, J., dissenting in part). And even when pro bono attorney resources are devoted to litigating meritorious pro se claims, the ask from the court is significant: "[e]ven with donated lawyer time and talent," the out-of-pocket costs involved in necessary tasks such as taking depositions and procuring expert testimony can "easily surpass" the plaintiff's realistic prospect for damages. *McCaa I*, 893 F.3d at 1036 (Hamilton, J., concurring); see also *Cole*, 265 F. Supp. 3d at 901 (Griesbach, J.) (explaining that, for certain types of cases, "[t]he time and money it would take to represent a plaintiff ... is beyond what courts can reasonably expect a law firm to expend without any hope of recovery"). As such, we wholly agree with Judge Griesbach's observation that the reasonable course of action is for district courts to engage in "closer scrutiny ... of the merits and what is at stake in a case before a judge uses [their] office to recruit a 'volunteer' attorney to represent the plaintiff." *Cole*, 265 F. Supp. 3d at 900.

*Watts*, 42 F.4th at 763–64.

The Court finds Plaintiff has made a reasonable effort to secure counsel without the Court's assistance based on Plaintiff having contacted several attorneys and receiving either no response, or responses that declined his requests for assistance.

4

The Court finds Plaintiff is able to represent himself in this matter at this very early stage of the case. The factual and legal difficulty of this case is mixed. Plaintiff has personal knowledge of the facts related to his mental health treatment, but it is far from clear whether the events that occurred are a basis for a federal lawsuit. Plaintiff appears to be literate, though the Court notes that he reports only completing some high school, and attending special education classes.

The Court declines to attempt to recruit counsel for Plaintiff without some basis to believe that Plaintiff's rights under the United States Constitution or laws have been violated.

**IT IS THEREFORE ORDERED:**

1) **The court DISMISSES Plaintiff's Amended Complaint [10] under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim on which relief may be granted.**

2) **Motion to Request Counsel [15], Motion for Court Assistance [20], Motion for Miscellaneous Relief [21], and Motion for Miscellaneous Relief [22] are DENIED.**

3) **Plaintiff's Motion for Injunctive Relief [13] is MOOT. Plaintiff seeks production of records under Illinois FOIA law. Since Plaintiff has not stated a claim under federal law, the Court declines to exercise jurisdiction over any state law claims.**

4) **The Court grants Plaintiff leave to file an amended complaint within thirty days of the entry of this Merit Review Order, in compliance with the Court's guidance. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss this case without prejudice.**

Entered this 5th day of September, 2023.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE